William J. Covagnaro
vs.
Kurt L. Seastrand
} No. 84487.

May 6, 1932.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury had returned a verdict for the plaintiff in the sum of $8,000.

On August 19, 1930, at approximately 6:30 in the morning, the plaintiff stopped his truck to assist the driver of a Pontiac car. The truck was headed toward the east, on an upgrade. After helping the Pontiac car to get started, the plaintiff went back to his truck, the Pontiac passed by the truck and proceeded on its way up the grade. It was while he was returning to his vehicle that the plaintiff was struck by the car operated by the defendant.

There seems to be no dispute as to the fact that atmospheric conditions that morning were bad. At various places along the road there were fog banks or pockets. Cars going through them emerged with windshields all dimmed by moisture. In addition to

that, cars going in an easterly direction were faced with the rising sun so that their operators could hardly see what was in front of them.

The dispute is concerning conditions at the place where the accident occurred.

The plaintiff contends that there was no fog for at least 100 feet back of the truck, while other witnesses testified that there was no fog behind the truck as far back as a bend in the road which was 400 feet or more away.

The defendant and his witness state that the accident occurred while in a bank of fog; that prior to entering the fog, he was driving at a speed of 30 miles per hour and on approaching it he put on his brakes, suddenly saw the truck loom up in front of him and struck the plaintiff. The marks of his wheels made by the application of his brakes measured 34 feet back from the truck.

It seems to the Court that here we had a question of fact for a jury to determine. The accident may have occurred while passing through a fog, in which case it was the duty of the defendant to proceed with great caution. It may have happened in a spot where there was no fog; but with a windshield all covered with moisture and with the sun blinding the driver, it was also his duty to proceed with great caution.

There is ample credible evidence upon which a jury could properly find that the defendant's negligence caused this accident.

The verdict was for $8,000. The Court believes this amount is excessive. Giving the plaintiff full credence for all the money losses claimed by him, they amount to less than $2,500. There is no permanent serious injury resulting to the plaintiff. It is true that he suffers some inconvenience in wearing a belt several days a week and has some other discomforts, but the plaintiff is able to work and is working steadily.

The Court feels that $5,000 would be fair and ample compensation to the plaintiff.

If the plaintiff within five days remits all of the verdict in excess of $5,000, defendant's motion for a new trial is denied, otherwise it is granted.

For plaintiff: John R. Higgins.

For defendant: Sherwood, Heltzen & Clifford.